González, Recurrente, v. El Registrador, Recurrido.

## Recurso gubernativo contra nota del Registrador de la Propiedad de Arecibo.

No. 156.—Resuelto en noviembre 12, 1913.

Recursos Gubernativos—Calificación de Documento—Deberes del Registrador.—*Presentado un documento al registro para su inscripción es el deber del registrador, de acuerdo con la ley de marzo 1, 1902, sobre recursos gubernativos, calificar el documento e inscribirlo o denegar su inscripción extendiendo, según el caso, los asientos que exigen las secciones 4 y 7 de la citada ley de marzo 1, 1902, y falta abiertamente a estas secciones el registrador que devuelve un documento con los sellos sin extender operación alguna, por no aparecer que se haya cancelado en el original el sello de rentas internas de un dollar que exige la ley.*

Id.—Requisitos Necesarios para que la Nota de un Registrador Sea Apelable.—*La Corte Suprema no puede resolver por medio de un recurso gubernativo la nota de un registrador devolviendo la escritura con los sellos al interesado sin extender operación alguna por no aparecer que se hubiera cancelado en la escritura original el sello de rentas internas de un dollar, siendo necesario para que una nota sea apelable, que el registrador deniegue en absoluto la inscripción solicitada o la extienda con defectos subsanables.*

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El Registrador Sr. José Marcial López compareció por escrito.

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

Por escritura pública que en 10 de febrero de 1913 autorizó el notario de Mayagüez Don Juan Quintero entre Agustín Hernández Mena por sí y en representación de su esposa de una parte, y de la otra Ignacio González Suárez, el primero o sea Hernández Mena, confesó adeudar a González Suárez la suma de $1,300 que se obligó a pagarle con interés del 1 por ciento mensual el 30 de julio de 1913, y para garantir el pago de esa deuda y un crédito adicional de $500 en con-

cepto de costas y honorarios de abogado en caso de reclamación judicial, el deudor constituyó hipoteca voluntaria a favor del acreedor sobre una finca rústica denominada Sabana Seca en el barrio del Coto, término municipal de Manatí.

Presentada copia de la mencionada escritura al Registrador de la Propiedad de Arecibo para la inscripción de la hipoteca, se hizo constar así en el correspondiente asiento de presentación de 14 de agosto de 1913, y, con fecha 20 del mismo mes, el registrador devolvió al interesado la copia con una nota al calce de ella que dice así:

"Devuelto este documento con devolución de sellos sin extender en él operación alguna por no aparecer que se halle cancelado en su original el sello de Rentas Internas de un dollar que exige la Ley."

La nota que dejamos transcrita ha sido recurrida para ante esta Corte Suprema y el recurrente pide su revocación y que se ordene al registrador practique la inscripción de la escritura o la operación procedente de acuerdo con los libros del registro de la propiedad, en la forma y a los efectos que determina la sección 4ª. de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1º. de 1902. A ese fin alega que aunque en la copia presentada al registro no aparece que en su original haya sido cancelado el sello de Rentas Internas de $1 que ordena la Ley No. 34, aprobada en marzo 7, 1912, no existe precepto alguno en virtud del cual deba hacerse constar en la copia de un documento, que fué cancelado en su original el sello correspondiente y tampoco esa omisión es motivo legal para que el registrador haya dejado de cumplir con là sección 4ª. de la ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1º., 1902.

Dicha sección 4ª. dice así:

"Los registradores no suspenderán por defectos subsanables la inscripción, anotación, o cancelación de ningún título. En la inscripción harán constar los defectos que contenga el título y en cualquier

tiempo en que se presente la documentación para subsanarlo, se hará constar la subsanación por medio de nota marginal.''

Atendidos los términos en que aparece redactada la nota del registrador, la falta de expresión en la copia de la escritura que le fué presentada de que se hubiera cancelado el sello en el original, constituiría un defecto subsanable, pues fácilmente podía subsanarse; y siendo ello así, si no había otra razón que impidiese la inscripción, el registrador debió dar cumplimiento a lo que previene el segundo inciso de la sección 4ª. de la ley de 1º. de marzo de 1902, y si estimaba que procedía denegar la inscripción por otros defectos de la escritura debió extender la anotación preventiva que ordena la sección 7ª. de la misma ley.

Pero el registrador no hizo ni una ni otra cosa, sino que al devolver el documento al interesado sin extender asiento alguno, faltando abiertamente a las secciones 4ª. y 7ª. de la ley aprobada en marzo 1º. de 1902, dejó de calificar el documento, privando al recurrente del derecho que la expresada ley le otorga para recurrir contra las resoluciones de los registradores en los casos que establecen las secciones 1ª. y 5ª. de la misma ley, o sea en los casos en que se deniega en absoluto una inscripción por defecto insubsanable o en que se verifica dicha inscripción con defecto subsanable.

En el presente caso el registrador ha debido calificar el documento, entrando en el examen de todos los motivos que pudieran existir para que se denegara su inscripción o ésta se verificara con defecto subsanable, y con el resultado de ese examen practicar la operación que fuera procedente en derecho, contra la cual en su caso hubiera podido ejercitar la parte agraviada el recurso gubernativo para ante esta Corte Suprema.

Por la nota que es objeto del presente recurso se ha limitado el registrador a la devolución de sellos sin extender operación alguna por no aparecer que se hubiera cancelado en la escritura original el sello de Rentas Internas de un dollar, pero no deniega la inscripción del documento por de-

fecto insubsanable extendiendo la anotación preventiva que la ley ordena, ni tampoco practica la inscripción del documento haciendo constar que contiene defecto subsanable, ni prejuzga en manera alguna su calificación al efecto de ser o nó inscribible, calificación que no puede ser hecha por este Tribunal Supremo en primera instancia, como ya dijimos al resolver en 21 de octubre, 1902, el caso de *Bartolomei* v. *El Registrador de la Propiedad,* 2 S. P. R., 589. No hay pues calificación propiamente dicha con examen de todas las formalidades así internas como externas del documento presentado al registrador, y por tanto nos falta base para resolver el presente recurso.

Acaso tenga razón la parte recurrente al sostener los motivos del recurso; pero no podemos examinarlos hasta llegar a una decisión definitiva sobre ellos, ínterin no se someta a nuestra consideración una resolución del Registrador de la Propiedad de Arecibo, denegando en absoluto la inscripción solicitada o concediéndola con defecto subsanable.

Para ello podría la parte recurrente acudir nuevamente al registrador con el fin de que califique propiamente el documento y extienda en él una resolución que sea apelable, cuyo carácter no reviste la recurrida, según la doctrina ya establecida en nuestra decisión de 21 de octubre de 1902 ratificada posteriormente por la que fué dictada en el caso de *Mollfulleda* v. *El Registrador de la Propiedad,* en 10 de octubre próximo pasado, (pág. 1001).

Por las razones expuestas procede se declare no haber lugar a resolver el presente recurso.

*Se declara no haber lugar a resolver el resurso.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey. Juez disidente: Asociado Sr. Wolf.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

La opinión emitida por el tribunal en este caso se funda en su mayor parte en la resolución dictada en el caso de *Bartolomei* v. *El Registrador,* 2 S. P. R., 589. Me parece que ese caso está en pugna con la letra clara de la ley. En cuanto al espíritu de ésta, indudablemente parece haber sido la intención de la legislatura para que una parte perjudicada pueda apelar de cualquiera resolución cuyo resultado sea impedir a una parte el inscribir un documento. La sección 799 de los Estatutos Revisados, en Español, dice así:

"Sección 799. Cuando el registrador deniegue o suspenda alguna inscripción, anotación o cancelación, expondrá al pie del documento, clara y concisamente, los motivos legales de su negativa y de ella notificará al interesado, quien firmará la notificación."

Ateniéndonos únicamente al texto Español, es evidente que si el registrador se niega a inscribir un documento debe expresar sus razones al pie del mismo. El texto inglés es claro y es como sigue:

"*Section 799. That when any registrar of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording or for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out clearly and concisely at the foot of the document his reasons for the refusal and shall serve notice of his action upon the interested party accompanied by a copy of his written reasons for the refusal.*"

Ahora bien, el negarse a hacer operación alguna y el devolver el documento con los sellos de rentas internas al presentante es una denegación, de acuerdo con el texto español, y es una denegación absoluta indudablemente, de acuerdo con el texto inglés.

La sección 801 en español dice lo siguiente:

"Sección 801. Si el interesado recogiere el documento, podrá presentarlo al tribunal dentro de los veinte días siguientes a la notificación de la negativa que debió hacerle el registrador y se decidirá el recurso según dice la sección 2 de esta ley."

Y ésta ha sido traducida al inglés en la siguiente forma:

*Section 801. The party interested may withdraw the document within two days after the refusal of the registrar to record or enter it, and within twenty days thereafter may present it to the Supreme Court and the court shall thereupon affirm or reverse the action of the registrar, as in section 2.*"

El derecho de apelación se da contra la denegatoria a inscribir o registrar, y la legislatura al aprobar el texto inglés demostró que ambas palabras estaban incluídas dentro de la palabra "negativa."

La sección 803 en inglés es como sigue:

"*Section 803. Any party interested in any document presented for record may appeal to the Supreme Court from any decision of the registrar as to the existence of defects and as to whether they are immaterial and curable or not. The Supreme Court may affirm or reverse the decisions of the registrar and the registrar shall make the appropriate entry in conformity with its decision.*"

El texto español sólo habla de "defectos subsanables" y es como sigue:

"Sección 803. Contra la calificación de defectos subsanables que hicieren los registradores podrá acudir el interesado al Tribunal Supremo para resolución definitiva. El Tribunal Supremo confirmará o revocará la resolución del registrador y éste hará lo que procediere de conformidad con dicha decisión."

Interpretando todas éstas secciones en ambos idiomas, yo creo está demostrado que el derecho de apelar es absoluto y no depende de que el registrador haya o nó entrado a examinar los méritos del caso. La negativa a hacer algo, cualquiera que esto sea entraña y produce una denegación a registrar en los libros del registro.

Tampoco está limitada la jurisdicción de este tribunal a ordenar la inscripción de un documento. En las secciones 800, 801 y 803 se dispone que la Corte Suprema puede revocar o confirmar el "acto" o "resolución" según sea el caso. El ordenar a un registrador que tome en consideración un documento que él se ha negado a calificar equivale a revocar su acto o resolución. No encontramos nada en las palabras de la ley ni en ninguna otra parte de la misma que exija a este tribunal que al decretar una revocación ordene el registro o inscripción, pero tenemos el poder de ordenar al registrador que actúe.

Ahora paso a la cuestión de si el registrador debió o nó haber recibido el documento y calificarlo. La Ley No. 34 de marzo 7, 1912 en las partes pertinentes dice así:

"1. Sobre cada instrumento o documento original autorizado por notario público o inscrito por un registrador, un dollar; *Disponiéndose*, que en los documentos que se otorgaren por funcionarios en el curso de asuntos oficiales no ,se impondrá, cobrará o pagará ningún impuesto.

"2. Sobre cada copia de dichos instrumentos o documentos originales, cincuenta centavos.

"3. Por cada registro o inscripción de dichos instrumentos o documentos o de sus copias, cincuenta centavos.

"4. Por cada *affidavit* o declaración de autenticidad otorgado ante notario público, juez de paz, u otro funcionario, pero sin incluir a los funcionarios del Servicio de Rentas Internas cuando tomaren declaraciones, *affidavits* y juramentos en materias referentes a la tasación de la propiedad, y a infracciones de las leyes de rentas internas, veinte y cinco centavos; *Disponiéndose*, que no se impondrá el impuesto en los instrumentos que se otorgaren ante los jueces de paz, u otros funcionarios judiciales, referentemente a los asuntos en procedimientos judiciales de que ellos conocieren.

"Los impuestos que por la presente se disponen se pagarán fijando al documento, instrumento, *affidavit* o declaración de autenticidad, un sello de rentas internas de la debida denominación, el cual será cancelado por el funcionario ante el cual se otorgare el documento o instrumento, escribiendo en el mismo sus iniciales y la fecha en que se fija.

"Toda persona. que autorizare o inscribiere, o haga que se autorice o inscriba, cualquier instrumento o documento o su copia, sin que antes se haya pagado el impuesto prescrito en esta sección, convicta que fuere será castigada con multa de cien dollars."

Ahora bien, bajo los párrafos 1 y 2 se exige que se adhieran sellos al original y a la copia; el párrafo 3 también. exige que se adhiera un sello a la inscripción.

El 14 de agosto de 1913 Ignacio González Suárez presentó para su inscripción en Arecibo una copia de una escritura notarial que el registrador se negó a inscribir porque no aparecía que se hubiera cancelado en el original el sello de rentas internas de $1.

Una lectura de la cláusula penal de la ley transcrita anteriormente demostrará que el deber de adherir el sello de rentas internas de $1 no se le impone al registrador sino a la persona que tiene el deber de pagarlo, ya sea la parte interesada o el notario y que sería tal persona y no el registrador el que incurriría en la pena que marca la ley por dejar de adherir el sello. Las palabras "toda persona que certifique o registre" y las palabras que siguen a ésas, se refieren a la persona cuyo deber es adherir el sello de rentas internas y la palabra "registre" se refiere el sello que el registrador está obligado a adherir. La nota recurrida debió haber sido revocada.