AUTORIDAD DE TIERRAS DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1177.—*Sometido:* Noviembre 29, 1945. *Resuelto:* Diciembre 19, 1945.

*Antonio Riera,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Por escrito número 20 de 4 de abril de 1944, ante el notario Francisco A. Arrillaga, la Autoridad de Tierras compró a la mercantil Rodríguez Hevia & Co. tres fincas radicadas en el barrio "Juan Asencio" de Aguas Buenas, las cuales se describen en la escritura bajo las letras "a", "b" y "c", respectivamente. Hallándose la finca descrita bajo la letra "a" afecta a una hipoteca por la cantidad de $700 de capital y $100 para intereses, a favor de la mercantil Sucesores de San Miguel Hermanos, compareció en la escritura dicha Mercantil, representada por su socio gestor don Manuel San Miguel, y expresando que la deudora Rodríguez Hevia & Co. le había satisfecho el principal e intereses de dicha hipoteca, otorgó a la deudora carta de pago y con-

signó su consentimiento para que dicha hipoteca fuese cancelada en el Registro de la propiedad.

Siendo colindantes entre sí las tres fincas objeto de la compraventa, la compradora, la Autoridad de Tierras de Puerto Rico, las agrupó por la misma escritura. Y habiendo presentado la Autoridad de Tierras una certificación de mensura expedida por los ingenieros, que con citación de los colindantes midieron la finca agrupada, resultando ésta con un exceso de superficie ascendente a 4.731 cuerdas, solicitó la rectificación de su cabida. Resultando que la finca descrita bajo la letra "b" se había formado por agrupación de otras y que una de éstas se hallaba inscrita solamente en cuanto a su posesión, se solicitó en la misma escritura la conversión de la posesión en dominio por haberse inscrito la posesión desde el 22 de septiembre de 1882. Finalmente solicitó la Autoridad de Tierras que una vez inscritas a su nombre las fincas así agrupadas, se procediese a practicar de oficio dos cancelaciones de embargo anotadas, la primera el 2 de abril de 1900 y la segunda el 29 de abril de 1913, sin que jamás dichas anotaciones de embargo hubiesen sido prorrogadas por orden de algún tribunal de justicia.

A los efectos de inscribir la referida escritura número 20 ante el notario Francisco A. Arrillaga, la Autoridad de Tierras acompañó los siguientes documentos complementarios:

1. Escritura número 20 de Cancelaciones, Compraventa, Agrupación, Conversión y Subsanación de Defectos otorgada el 4 de abril de 1944 ante el notario Francisco A. Arrillaga.

2. Certificación de Mensura expedida por el ingeniero Juan R. Dávila de la firma Dávila & Llenza, autenticada según *affidavit* número 2810 de 25 de abril de 1944 ante el notario Francisco A. Arrillaga.

3. Acta Aclaratoria número 9 otorgada el 3 de agosto de 1945 ante el Notario Antonio Riera.

4. Sentencia dictada el 21 de enero de 1944 por la Corte de Distrito de Caguas en el procedimiento Civil Núm. R–127 sobre solicitud para que se subsanen defectos.

5. Certificación expedida el 19 de junio de 1945 por el Registrador de la Propiedad de San Juan, Sección Segunda, en relación con el nombre correcto con que aparece inscrita en el Registro Mercantil la sociedad "Rodríguez Hevia & Compañía en Comandita".

6. Escritura número 70 sobre Aclaración de Escritura, otorgada el 25 de abril de 1945 ante el Notario Enrique Márquez Huertas.

7. Escritura número 104 sobre Prórroga de la Sociedad Mercantil "Rodríguez Hevia & Compañía en Comandita" otorgada el 30 de junio de 1932 ante el Notario Enrique Márquez Huertas.

8. Escritura número 70 sobre Aclaración de Actos y Contratos de la sociedad "Rodríguez Hevia & Compañía en Comandita" otorgada el 12 de julio de 1933 ante el notario Enrique Márquez Huertas.

9. Escritura número 81 de Prórroga de la Sociedad Mercantil "Rodríguez Hevia & Compañía en Comandita" otorgada el 29 de junio de 1936 ante el Notario Enrique Márquez Huertas.

10. Certificación expedida el 8 de junio de 1944 por el Registrador de la Propiedad de San Juan, Sección Segunda, en relación con los datos de inscripción de la mercantil "Sucesores de San Miguel Hermanos en Comandita", su término, número de sus actuales socios y poderes y facultades de éstos.

11. Certificación expedida el 16 de junio de 1944 por el Notario Enrique Márquez Huertas en relación con los poderes y facultades de la sociedad mercantil "Sucesores de San Miguel Hermanos en Comandita" y de sus gestores.

12. Certificación expedida el 2 de febrero de 1945 por el Notario Enrique Márquez Huertas en relación con los poderes y facultades de la sociedad mercantil "Sucesores de San Miguel Hermanos en Comandita" y de sus gestores.

Presentada la escritura número 20 en el Registro de la Propiedad de Caguas, el Registrador denegó su inscripción en cuanto a las distintas operaciones solicitadas en la misma, tomando anotación preventiva, por los fundamentos que expresa en las siguientes notas:

"Denegada la inscripción de cancelación de hipoteca a favor de Rodríguez Hevia y Compañía, que le hace la Mercantil Sucesores de San Miguel Hermanos, comprendida en este documento al margen de la inscripción 1a, de la finca número 1478 al folio 228 del tomo 41 de Aguas Buenas, por resultar de los documentos presentados que la Mercantil Sucrs. de San Miguel Hnos. en Comandita

constituída por escritura número 80 de fecha 16 de junio de 1917, ante el Notario Enrique Márquez Huertas, ha sido objeto de distintas prórrogas, traspasos y modificaciones por los socios hasta quedar constituída por término indefinido, sin que las correspondientes escrituras de tales traspasos hayan sido presentadas al Registrador para su debida calificación, a fin de poder determinar éste la validez de tales contratos y la capacidad de sus otorgantes, según lo dispuesto en el art. 18 de la Ley Hipotecaria, tomándose en su lugar anotación preventiva durante el término legal a favor de la Mercantil Rodríguez Hevia & Co.; . . . . Y

"DENEGADA LA VENTA en cuanto a las fincas (A), (B) y (C) a favor de La Autoridad de Tierras de Puerto Rico, a los folios 229 vto., 77 y 191 vto., de los TOMOS 41, 23 y 51 de Aguas Buenas, fincas números 1478, 1046 y 1859, Anotaciones (A), (A) y (A), y tomada en su lugar anotación preventiva por el término legal de 120 días, por resultar que dichas fincas aparecen inscritas a favor de la Mercantil Rodríguez Hevia y Co., cuya Mercantil, de acuerdo con lo estipulado en la escritura número 70 otorgada en Bayamón el 25 de abril del presente año ante el Notario Enrique Márquez Huertas, y la certificación expedida por el Registrador de la Propiedad de San Juan, Sección 2a, no ha sido inscrita en dicho Registro bajo tal razón y sí otra Mercantil denominada Rodríguez Hevia y Co. en Comandita, a favor de la cual han de ser inscritas dichas fincas de acuerdo con lo dispuesto en el art. 20 de la Ley Hipotecaria; y resultando además, que la Mercantil Rodríguez Hevia y Compañía en Comandita, constituída por la escritura número 93, de fecha 28 de junio de 1917, otorgada ante el propio Notario, fué constituída por término de 4 años, que vencieron en 28 de junio de 1921, y constando que esta Sociedad ha sido objeto de distintas prórrogas, modificaciones y cesión de derechos mercantiles, hasta quedar constituída por término indefinido, sin que las correspondientes escrituras de tales operaciones hayan sido presentadas al Registrador, para su debida calificación, a fin de poder determinar éste la validez de tales contratos y la capacidad de sus otorgantes, según lo dispuesto en el art. 18 de la Ley Hipotecaria. . . . Y

"DENEGADA LA INSCRIPCIÓN en cuanto a la AGRUPACIÓN, conversión de posesión en Dominio y Cancelación de Embargo de Agustín Nusa, al folio 2 del Tomo 53 de Aguas Buenas finca número 1894, anotación (A), y nota al margen de dicha anotación, tomándose en su lugar ANOTACIÓN preventiva durante el término legal a favor de la Autoridad de Tierras de Puerto Rico, por resultar que

las fincas que se agrupan figuran inscritas a favor de la Mercantil Rodríguez Hevia y Co., y anotadas preventivamente a favor de la Autoridad de Tierras de Puerto Rico; la primera nota denegatoria de cancelación de hipoteca se practica con el DEFECTO SUBSANABLE de no acreditarse el carácter y facultades que se atribuye don Ramón Cobián Rodríguez, para comparecer en la escritura número 80, relacionada en representación y como mandatario de José Manuel Cobián, don Genaro San Miguel y Sierra y su esposa María de los Remedios Cobián y Rodríguez, don Evaristo San Miguel y Sierra y su esposa Milagros Cobián Rodríguez, y de doña Josefa Sánchez Ortiz; la segunda nota DENEGATORIA, sobre compraventa de fincas, se practica con los defectos SUBSANABLES de no haberse acreditado con documento auténtico el nombramiento del señor José Acosta Velarde como Director Ejecutivo de la Autoridad de Tierras de Puerto Rico, de no haberse acreditado el carácter de mandatorio con que comparece en la escritura número 81 de fecha 29 de Junio de 1936, del Notario Enrique Márquez Huertas, don Marcelino San Miguel para representar a don Valentín Rodríguez de la Granda; y. . . La tercera NOTA DENEGATORIA, de AGRUPACIÓN DE FINCAS, conversión de posesión en dominio y cancelación de embargo se practican con el defecto subsanable de no acreditarse con documento auténtico el nombramiento del señor Acosta Velarde como Director Ejecutivo de dicha Autoridad. Caguas, a 24 de septiembre de 1945. (Fdo.) R. Cintrón Lastra.— Registrador Interino''.

La Autoridad de Tierras de Puerto Rico fué notificada de estas notas el 29 de septiembre de 1945 y el 11 de octubre último volvió a presentar los documentos antes relacionados acompañando, además, los siguientes documentos complementarios:

*a.* Certificación expedida el 9 de octubre de 1945 por el Secretario de la Autoridad de Tierras de Puerto Rico acreditativa de las fechas en que don José Acosta Velarde ocupa el cargo de Director Ejecutivo de dicha agencia gubernamental.

*b.* Escritura número 93 sobre Constitución de la sociedad mercantil ''Rodríguez Hevia & Compañía en Comandita'' otorgada el 28 de Junio de 1917 ante el Notario Enrique Márquez Huertas.

*c.* Certificación expedida el 9 de octubre de 1945 por el Registrador de la Propiedad de San Juan, Sección Segunda, en relación con los datos de inscripción de la sociedad mercantil ''Rodríguez

Hevia & Compañía en Comandita'', particulares relativos a su constitución y término, nombres de sus actuales socios, y poderes y facultades de éstos.

*d.* Escritura número 80 sobre Constitución de la sociedad mercantil "Sucesores de San Miguel Hermanos en Comandita" otorgada el 16 de junio de 1917 ante el Notario Enrique Márquez Huertas.

*e.* Certificación literal de las inscripciones primera y décimosexta y última de la sociedad mercantil ''Sucesores de San Miguel Hermanos en Comandita" expedida el 9 de octubre de 1945 por el Registrador de la Propiedad de San Juan, Sección Segunda.

*f.* Certificación en relación del contenido de las inscripciones segunda a décimoquinta, ambas inclusive, de la sociedad mercantil "Sucesores de San Miguel Hermanos en Comandita" expedida el 11 de octubre de 1945 por el Registrador de la Propidad de San Juan, Sección Segunda.

El 13 de noviembre último el Registrador devolvió la escritura número 20 y documentos complementarios con una nota que dice así:

''Devuelto el precedente documento, que es una copia certificada de la escritura número veinte, otorgada en San Juan de Puerto Rico, el día cuatro de abril de mil novecientos cuarenta y cuatro, por ante el notario Francisco A. Arrillaga, con vista de otros documentos complementarios, Sin Hacer Operación Alguna, porque a juicio del Registrador de la Propiedad que suscribe estando vigente los efectos de la anotación preventiva tomada sobre las fincas comprendidas en el mismo con fecha 24 de septiembre del presente año, según refiere la anterior nota, dentro de cuyo término Se Pueden Subsanar los defectos consignados en la misma, No Procede en Este Caso practicar una nueva anotación, de acuerdo con lo resuelto por el Tribunal Supremo de Puerto Rico, en el caso de *Barreras* v. *El Registrador de la Propiedad,* tomo 15 D.P.R. página 556''.

■ La primera cuestión que suscita el Registrador y que consideraremos previamente por ser jurisdiccional, es la de que este Tribunal carece de jurisdicción para conocer del presente recurso porque al devolverse la escritura el 13 de noviembre último, el Registrador no practicó operación alguna en el Registro. Invoca en su apoyo los casos de *Moll-*

*fulleda* v. *El Registrador,* 19 D.P.R. 1001 y *González* v. *El Registrador,* 19 D.P.R. 1067.

Examinemos los casos citados por el Registrador. En el de *González* v. *El Registrador,* supra, la escritura fué presentada en el Registro el 14 de agosto de 1913 y el 20 del mismo mes el Registrador la devolvió al interesado con una nota que dice:

"Devuelto este documento con devolución de sellos sin extender en él operación alguna por no aparecer que se halle cancelado en su original el sello de Rentas Internas de un *dollar* que exige la Ley."

Resolvió el Tribunal que el recurrente debió acudir nuevamente al Registrador, a fin de que calificase propiamente el documento o extendiese en él una resolución que fuera revisable.

En el de *Mollfulleda* v. *Registrador,* supra, la situación de hechos fué sustancialmente idéntica a la del caso de *González.* En el primero, se presentó en el Registro de la Propiedad, el 19 de mayo de 1910, un escrito pidiendo la cancelación de cierta anotación preventiva, y el Registrador se limitó a devolverlo al interesado con fecha 8 de julio de 1913, sin extender operación alguna.

El razonamiento del Registrador, de ser aceptado, en muchos casos daría por resultado impedir que los interesados en la inscripción tratasen de subsanar los defectos apuntados, pues correrían el riesgo de que de no estar el Registrador satisfecho de que los defectos habían quedado subsanados, con la mera devolución del documento al interesado sin extender operación alguna, impediría a esta Corte revisar su actuación.

A este efecto dijimos en el caso de *El Pueblo* v. *Registrador,* 64 D.P.R. 130, 134:

"La circunstancia de que el Registrador no exprese en su nota que denegó la inscripción de la cancelación de los gravámenes, cuando como cuestión de hecho la denegó, no priva al recurrente del derecho a que la actuación del Registrador sea revisada me-

diante recurso gubernativo. De sostener la tesis del recurrido, el derecho a acudir al recurso gubernativo contra la actuación del registrador estaría a merced del propio registrador."

 Arguye el Registrador que la Autoridad de Tierras consintió las notas de 24 de septiembre al no establecer recurso contra ellas y que por consiguiente esas notas no deben ser objeto de este recurso.

La circunstancia de que la recurrente tratase de subsanar los defectos señalados por el Registrador para lo cual, como hemos visto, acompañó nuevos documentos complementarios adicionales, no implica que la recurrente renunciase a su derecho de recurrir para ante este Tribunal al negarse el Registrador a subsanar los defectos no obstante los documentos adicionales que presentó.

En el caso que nos ocupa, la recurrente, como hemos visto, presentó al Registro la escritura número 20 antes citada y el Registrador denegó la inscripción de las operaciones a que se contraía la escritura, extendió tres notas denegatorias y tomó anotaciones preventivas por 120 días. Esas notas fueron notificadas a la recurrente el 29 de septiembre de 1945, y el 11 de octubre siguiente, o sea diez días después, la recurrente presentó de nuevo la escritura acompañada de documentos adicionales, con el fin de subsanar los defectos apuntados. El Registrador devolvió entonces los documentos con una nota haciendo constar que, a su juicio, no procedía tomar anotación preventiva porque ya se había tomado previamente el 24 de septiembre último. La escritura y documentos adicionales fueron presentados por segunda vez antes de expirar el término para recurrir para ante el Tribunal Supremo contra la nota anterior. Por consiguiente debe considerarse suspendido el término desde que se presentó por segunda vez la escritura y documentos adicionales, empezando a correr el plazo para recurrir ante el Tribunal Supremo desde que se notificó la segunda nota el 16 de noviembre de 1945. Como la Autoridad de Tierras recurrió

para ante este Tribunal el 20 de noviembre, es decir, cuatro días después de notificada la segunda nota, el recurso se interpuso dentro del término de veinte días fijado por la ley.

Pasemos ahora a considerar los méritos del recurso.

El defecto primordial del cual se derivan otros de menor importancia, consiste en haberse omitido las palabras "en Comandita" al final de la razón social de la vendedora. La cuestión se reduce a lo siguiente:

Por escritura número 93 de 28 de junio de 1917 ante el notario Enrique Márquez Huertas, se constituyó la mercantil Rodríguez Hevia & Co. en Comandita y con esa razón social figura en el Registro Mercantil. Más tarde esa mercantil compró, entre otras, las tres fincas que vende ahora a la Autoridad de Tierras de Puerto Rico, y al otorgarse la escritura de compraventa ante el notario Enrique Márquez Huertas (escritura número 112 de 31 de julio de 1936) el notario incurrió en el error de omitir las palabras "en Comandita" que forman parte de la razón social de la mercantil entonces compradora. Presentada en el Registro la escritura número 112 continuó el error, pues las fincas fueron inscritas a favor de Rodríguez Hevia & Co. en vez de Rodríguez Hevia & Co. en Comandita.([1]) Hallándose inscritas las fincas a nombre de "Rodríguez Hevia & Co." al comprarlas la Autoridad de Tierras de Puerto Rico, el notario Francisco A. Arrillaga, guiado por lo que aparecía del Registro, al otorgar la escritura de compraventa número 20 de 4 de abril de 1944, incurrió en el mismo error de expresar la razón social de la vendedora omitiendo las palabras "en Comandita".([2])

Demuestran además los documentos complementarios presentados al Registrador, que no existe ninguna otra mercantil con la razón social de "Rodríguez Hevia & Co."

---

([1]) Este error del notario fué subsanado por Acta Aclaratoria número 70, otorgada ante el notario Enrique Márquez Huertas el 25 de abril de 1945.

([2]) Subsanado el error de dicha escritura por Acta Aclaratoria núm. 9 de 3 de agosto de 1945 ante el notario Antonio Riera.

524

Aclarado el error del título por el Acta Aclaratoria número 70 antes mencionada otorgada por los interesados, o sea el que vendió las fincas a Rodríguez Hevia & Co. en Comandita y ésta representada por su gestor Valentín Rodríguez Granda, no existe impedimento legal alguno para que el Registrador subsane dicho error proveniente del título.(³) A este efecto dice Morell:

"La base para la extensión de los asientos en el Registro es el título o documento presentado para inscribir o anotar. El título puede estar equivocado en alguna circunstancia de más o menos interés o en algún concepto, y es claro que en tal caso esa equivocación pasará también al Registro y éste no reflejará la realidad. Sin embargo, mientras la inscripción esté conforme con el título, se hallará fielmente extendida. El Registrador en tal caso no comete error alguno y no puede exigírsele rectificación. Así se reconoce en la Resolución de 10 de Enero de 1900 y en la sentencia de 7 de Junio de 1881. *Los interesados con independencia del Registrador, pueden otorgar un nuevo documento en el que expongan la verdad de los hechos, la equivocación padecida por ellos o por el Notario o funcionario que intervino, o el verdadero alcance de lo convenido o la verdadera extensión del derecho que se concedió.* Y si los interesados no se ponen de acuerdo, puede cualquiera de ellos acudir a la Autoridad Judicial, para que por ésta se decida lo procedente sobre la pretendida rectificación del título". 4 Morell, *Legislación Hipotecaria*, pág. 662. (Bastardillas nuestras.)

■ Resulta también de los documentos complementarios, especialmente los marcados en esta opinión con las letras "d" y "f", el primero de los cuales es la escritura de constitución de la mercantil Sucrs. de San Miguel Hermanos en

(³) Si bien aparece del certificado del Registro Mercantil que al prorrogarse la escritura de sociedad de Rodríguez Hevia & Co. en Comandita en junio 29 de 1936 el término de la Sociedad había ya expirado, esa circunstancia no obstante el art. 223 del Código de Comercio, no perjudica el título de la Autoridad de Tierras de Puerto Rico, pues como se resolvió por la *Sentencia del Tribunal Supremo de España* de 6 de diciembre de 1887 (62 J.C. 620) "aun cuando una Sociedad mercantil no haya tenido existencia legal, los actos y contratos que con tal carácter realicen los socios son eficaces contra los mismos en favor de los terceros con quienes han contratado". Véase al mismo efecto la *Sentencia* del mismo Tribunal de *10 de enero de 1882* (48 J.C. 32). *Cf. Sucrs. de C. Díaz* v. *Cianchini,* ante, pág. 327.

Comandita y el segundo que es una certificación del Registro Mercantil donde aparecen todas las vicisitudes de dicha Sociedad, que el socio gestor don Manuel San Miguel, quien compareció en la escritura en representación de dicha Mercantil, tenía facultades bastantes para otorgar a nombre de ella la cancelación de la hipoteca. No debió, pues, el Registrador, denegar la cancelación por los fundamentos indicados en su nota.

Aclarado el error en que incurrió el Registrador al negarse a inscribir las fincas a nombre de la Autoridad de Tierras—con vista de los documentos complementarios adicionales—no estuvo él acertado al negarse a convertir en inscripción la anotación preventiva de la compraventa tomada con fecha 24 de septiembre de 1945.

█ El defecto de no haber acreditado el Sr. José Acosta Velarde su cargo como Director Ejecutivo de la Autoridad de Tierras de Puerto Rico quedó subsanado por la certificación jurada expedida por el Secretario de la Autoridad de Tierras de Puerto Rico, presentada como documento complementario.

█ Dueña la Autoridad de Tierras de Puerto Rico de las fincas vendidas por la escritura número 20 de 4 de abril de 1944 ante el notario Francisco A. Arrillaga y colindando entre sí las tres fincas, tenía derecho a su agrupación, y siendo el exceso de cabida menor de un 20 por ciento de la superficie de la finca agrupada, procede también que se practique la agrupación con la rectificación de cabida. *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506.

█ Apareciendo que una de las fincas que se había formado por agrupación, o sea la finca descrita bajo la letra "b" se hallaba inscrita solamente en cuanto a su posesión, cuya inscripción de posesión se verificó el 22 de septiembre de 1882, y habiendo solicitado la Autoridad de Tierras de Puerto Rico que se hiciese la conversión de posesión en do-

minio, debió el Registrador hacer la conversión de conformidad con el art. 395A de la Ley Hipotecaria.

Lo mismo sucede respecto a la cancelación de los embargos trabados en 2 de abril de 1900 y en 29 de abril de 1913, toda vez que no consta del Registro que el término de dichos embargos haya sido prorrogado por Autoridad judicial.[4]

*Por lo expuesto procede revocar las notas recurridas de 24 de septiembre y 13 de noviembre de 1945 y ordenar que por el Registrador se subsanen los defectos apuntados, inscribiéndose las tres fincas "a", "b" y "c" y su agrupación a favor de la Autoridad de Tierras de Puerto Rico, todo de acuerdo con los principios enunciados en esta opinión.*

---

[4] Ley Hipotecaria, art. 388A(b).