JUAN MARI RAMOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1280.—*Sometido:* Diciembre 3, 1951.   *Resuelto:* Marzo 31, 1952.

*Emilio Forestier Gregory,* abogado del recurrente;  el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Por escritura número 134 de fecha 23 de noviembre de 1950 otorgada ante el notario Emilio Forestier Gregory, Juan Mari Ramos, por sí y como apoderado de su esposa Antonia Borrero vendió a Ramón Rivera Rivera una finca cuya cabida registral, según la descripción que de ella se hizo en el primer párrafo de la escritura, era de 150 cuerdas.   Se consignó en ese párrafo también que dicha finca se mensuró, resultando con una cabida de 156.2453 cuerdas, y que habiéndose hecho cinco segregaciones que en total sumaban 19.9154 cuerdas, el remanente—que se describió—se componía de 136.3299 cuerdas.

El Registrador inscribió la finca vendida solamente en cuanto a la cabida de 130.0846 cuerdas con que aparecía dicho remanente en el Registro, denegándose la inscripción de la diferencia hasta completar las 136.3299 cuerdas con que se describió en la escritura "por no acreditarse la mensura con

el correspondiente certificado de mensura", tomándose en su lugar anotación preventiva por el término legal.

Presentada la escritura nuevamente al Registro, acompañada esta vez de un plano y un certificado de mensura verificada por el agrimensor Pablo Torrellas, Jr., el 11 de marzo de 1950, según éste lo hace constar, el Registrador recurrido denegó su inscripción en cuanto al exceso resultante de dicha mensura ". . . por observarse que la mensura se hizo de la totalidad de la finca incluyendo cinco parcelas que fueron segregadas y vendidas a terceras personas, sin que tales personas hayan prestado su expreso consentimiento para la mensura de sus propiedades y para acreditarle la totalidad del exceso de cabida que resultó de la mensura al resto de la finca principal después de deducidas tales segregaciones."

■ Sostiene el recurrente que él ha cumplido con todos los requisitos que este Tribunal ha establecido para la corrección de cabida de una finca que aparece inscrita con cabida menor a la que arroja su mensura; que las segregaciones se hicieron antes de verificarse ésta, y que el hecho de haberse mensurado la finca en su totalidad—incluyendo las segregaciones que ya se habían hecho—en nada perjudicó los derechos de los compradores, pues éstos obtuvieron sus porciones con cabida exacta, según consta del propio título que adquirieron y que inscribieron en el Registro de la Propiedad de Mayagüez.

La regla establecida y reiteradamente seguida por este Tribunal en cuanto a la inscripción de un exceso de cabida es la de que si dicho exceso no es mayor del 20 por ciento sobre la cabida registral, el mismo puede ser inscrito, sin que tenga que recurrirse a un expediente de dominio o posesorio, pero para ello precisa practicar una mensura con citación de los dueños colindantes y acreditar tanto la mensura como la citación, acompañando al título una certificación del agrimensor a ese efecto. *Autoridad de Tierras* v. *Registrador*, 62 D.P.R. 506 y casos allí citados; *Autoridad de Tierras* v. *Re-*

*gistrador*, 65 D.P.R. 513; *Estrada* v. *Registrador*, 65 D.P.R. 965; *Pérez* v. *Registrador*, 67 D.P.R. 966. *Cf. Servicio de Acueductos* v. *Registrador*, 70 D.P.R. 232.

En el caso de autos, aun cuando se presentó la certificación del agrimensor acreditando ambos extremos, la mensura y la citación de los colindantes, aparece que la primera se hizo de la totalidad de la finca de 150 cuerdas y no del remanente luego de hechas las segregaciones. Según las constancias del Registro—a las que hace mención el Registrador en su alegato—dos de las cinco segregaciones fueron *hechas* e *inscritas* con anterioridad al 11 de marzo de 1950: una el 30 de enero de 1950, por la cual se vendió una parcela a José Cuebas Leder y otra el 13 de febrero de 1950, por la cual se vendió otra parcela a la Comisión de Parques y Recreo Públicos.

Nada en la regla que informan nuestras decisiones antes citadas autoriza al dueño de un inmueble del cual se han segregado y vendido diferentes porciones—en ausencia de consentimiento de los dueños de éstas—a incluirlas en una mensura de su propiedad y acreditar un exceso de cabida a su remanente. Las porciones vendidas ya no le pertenecen. Son fincas ajenas con personalidad registral propia que a su vez pueden ser objeto de mensuras independientes, teniendo sus respectivos dueños derecho a beneficiarse de cualesquiera excesos de cabida que a su vez pudieran las mismas acusar.

El procedimiento a seguirse es la mensura del remanente de la finca ajustándose a los requisitos ya conocidos. De lo contrario, si como ha ocurrido en este caso se han incluído en la mensura porciones ya segregadas de la finca principal, precisa que se obtenga el consentimiento de los dueños de esas parcelas para que el exceso de cabida se acredite únicamente al remanente.

*Debe confirmarse la nota recurrida.*