ALVAREZ, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad inscribiendo con defecto subsanable un contrato de arrendamiento.

No. 497.—Resuelto en julio 12, 1921.

ARRENDAMIENTO PARA REGIR EN FECHA FUTURA — CONDICIÓN SUSPENSIVA. — El hecho de que en un arrendamiento se estipule que el contrato no empezará

a regir hasta determinada fecha, no autoriza al registrador para calificar el contrato como sujeto a una condición suspensiva.

Id.—Calificaciones Susceptibles de Ser Recurridas.—El derecho a recurrir de las calificaciones de los registradores no se limita a los casos en que se imputen defectos subsanables o insubsanables al documento, sino que es extensivo a los casos en que el registrador rehusa dar al documento todo su valor legal.

Id.—Estado Civil de los Otorgantes—Calificación Errónea.—Consignándose en la escritura en el presente caso en relación con el estado civil del arrendatario que éste es "casado, pero divorciado," es necesario concluir que es errónea la calificación del registrador señalando como defecto subsanable el "no expresarse el estado civil del arrendatario."

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. B. Forés.

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Juan Cancio Ortiz y A. Emilio Alvarez otorgaron cierto contrato de arrendamiento de varias fincas rústicas. En él se consignó que las fincas estaban en la actualidad arrendadas a otra persona y que tal arrendamiento continuaría hasta diciembre de 1924, a partir de cuya fecha comenzaría el nuevo contrato cuyo término se fijó en diez años. En la escritura se dijo que el arrendatario era "casado, pero divorciado."

Presentado el documento para su inscripción en el registro, el registrador accedió pero consignando que lo hacía "sujeto a la condición suspensiva que el mismo contiene," y con "el defecto subsanable de no expresarse el estado civil del arrendatario." Contra esa calificación interpuso el dicho arrendatario el presente recurso gubernativo.

Sostiene el recurrente que el contrato no contiene condición suspensiva alguna y tiene razón a nuestro juicio. El arrendamiento quedó completamente ultimado. Sólo que comenzaría a regir a partir de determinada fecha, y esto no es una condición suspensiva dentro del significado de la ley. El registrador debió haberse limitado a inscribir el contrato de acuerdo con sus términos y nada más.

Alega el registrador que la cuestión que antecede no cabe considerarla en este recurso porque de acuerdo con la ley sólo cabe recurrir de las negativas o de las suspensiones de inscripción.    Quizás si examináramos sólo el texto castellano de la ley, nos veríamos obligados a dar la razón al registrador, pero el texto inglés, es más amplio y, de conformidad con sus términos, cabe recurrir cuando el registrador rehusa dar al documento todo su valor legal, como pudiera concluirse que sucedió en el presente caso.    Véase la Compilación de 1911, página 450.

El defecto subsanable no existe.    Claramente dice la escritura todo lo necesario con respecto al estado del arrendatario.    Pudo limitarse a expresar que era divorciado o pudo consignar que estuvo casado y que en la actualidad estaba divorciado, pero tal como está redactada dice, repetimos, lo necesario, y el registrador no debió, por tanto, complicar la titulación con defectos que en realidad de verdad no existen. La naturaleza de los defectos a que se refiere la ley como insubsanables o subsanables, se desprende de la ley misma y de la jurisprudencia y generalmente dichos defectos producen la nulidad del título o avisan a los futuros adquirentes que hay algo en el título que no está claro y que debe investigarse y despejarse antes de contratar en forma definitiva.

A virtud de todo lo expuesto procede revocar la nota recurrida en cuanto se refiere a la condición suspensiva y al defecto subsanable en la misma consignados.

> *Revocada la nota en cuanto se refiere a la condición suspensiva y defecto subsanable.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.