EL PUEBLO DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR SUBSTITUTO DE LA PROPIEDAD DE GUAYAMA, recurrido.

Núm. 1148.—*Sometido:* Octubre 2, 1944. *Resuelto:* Noviembre 6, 1944.

*Hon. Procurador General Interino Jesús A. González, y Francisco A. Arrillaga y Antonio Riera,* abogados especiales, abogados todos del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El Pueblo de Puerto Rico, a nombre de la Autoridad de Tierras de Puerto Rico, radicó en la Corte de Distrito de Guayama una demanda de expropiación forzosa contra los dueños de cierta finca rústica radicada en Aibonito y contra las personas naturales y jurídicas que tenían algún interés o gravamen sobre ella. Juntamente con la demanda, el demandante radicó una declaración para la adquisición del dominio absoluto de la propiedad y entrega material de la misma, de

conformidad con la sección 5(a) de la Ley Estableciendo la Expropiación Forzosa, según fué enmendada por la Ley núm. 19 de 30 de noviembre de 1942 (Segunda y Tercera Sesiones Extraordinarias, pág. 83), y depositó en la secretaría del tribunal, para uso y beneficio de los demandados, la cantidad de $25,902.68 que estimó era la justa y razonable compensación por la propiedad.

Habida cuenta de la radicación de la demanda, de la declaración de adquisición y entrega y del depósito de la compensación, la corte dictó una resolución cuya parte dispositiva dice así:

"Por tanto, se falla, ordena y decreta que el título de dominio absoluto sobre ciertos terrenos comprensivos de una superficie neta de ciento noventa y cuatro cuerdas con siete mil quinientos noventa y una diez milésimas de otra (194.7591 cuerdas), radicados en el Barrio El Llano del término municipal de Aibonito, Puerto Rico, cuya descripción consta del *Exhibit* 'A' de la Declaración de Adquisición y Entrega Material de Propiedad y del Exhibit 'Uno' que se acompaña a esta Resolución, ha quedado investido desde esta fecha de la radicación de la Declaración de Adquisición y Entrega Material de la Propiedad en El Pueblo de Puerto Rico, a nombre y para uso de la Autoridad de Tierras de Puerto Rico;

"Que el Registrador de la Propiedad de Guayama, Puerto Rico, deberá inscribir libre de gravámenes o cargas a favor de El Pueblo de Puerto Rico, a nombre y para uso de la Autoridad de Tierras de Puerto Rico, dicho título de dominio absoluto sobre la referida propiedad."

Presentada la resolución en el Registro de la Propiedad de Guayama, el registrador la inscribió en la forma que aparece de la siguiente nota:

"Inscrito el presente documento en cuanto a una finca de 195.1036 cds. que descontándole 3445 diez milésimas que es el área del camino municipal del barrio Llano que la atraviesa arroja una superficie neta de 194.7591 cds. en el barrio Llano de Aibonito, que se describe en un exhibit que se acompaña, con vista de copia de la demanda en este caso, al folio 2 del tomo 46 de Aibonito, finca número 1834, inscripción primera. Dicha finca, por su procedencia, se halla gravada con las siguientes cargas: una hipoteca a favor del Federal Land

Bank of Baltimore, dos hipotecas a favor del portador de pagarés y tres embargos a favor de la Sucn. de don Manuel Berríos Ortiz, Etelvina Torres Colón y Josefa Inés Torres Colón, respectivamente.''

Como puede verse de la nota transcrita, el registrador no inscribió a favor de El Pueblo de Puerto Rico el dominio absoluto libre de gravámenes. Por el contrario, consignó las distintas cargas a que se hallaba afecta la finca. En oposición al recurso que contra la nota interpuso El Pueblo de Puerto Rico, el registrador solicita que se desestime:

(a) Por no habérsele notificado con copia simple del documento o documentos objeto del recurso, invocando el artículo 92(a) del Reglamento de este tribunal, y

(b) Porque, según el registrador, el documento fué inscrito en su totalidad y él no denegó la inscripción de parte alguna del mismo.

Penetrando luego en el fondo del recurso, alegó el registrador que si bien de la providencia judicial aparece que los acreedores de la finca expropiada fueron partes demandadas en el procedimiento de expropiación forzosa, no consta de ella que los referidos acreedores fueran notificados de la demanda de expropiación, que hayan dado su conformidad para la cancelación de sus créditos en el registro, que el importe de los gravámenes haya sido reservado por la corte para pagarlos en su día a los respectivos interesados, ni que las cargas hayan sido satisfechas con anterioridad.

 El artículo 92(a) del reglamento, erróneamente transcrito por el registrador, no es susceptible de la interpretación que él pretende darle. El citado precepto, después de ordenar que una vez radicado un recurso gubernativo el secretario notifique a las partes a fin de que radiquen sus respectivos alegatos, agrega que de dichos alegatos se presentarán seis copias, con constancia en el original de haberse notificado a la parte contraria, terminando con la siguiente oración:

''*Deberá acompañarse* asimismo una copia simple en maquinilla del documento o documentos objeto del recurso.'' (Bastardillas nuestras.)

Pero el registrador, al transcribir la oración, sustituye la palabra "acompañarse" por "acompañársele," y de ahí su error de creer que el recurrente debe acompañarle una copia del documento o documentos objeto del recurso.

El Reglamento no impone ese deber al recurrente. Donde debe éste radicar tal copia es en la secretaría del tribunal, acompañándola al escrito promoviendo el recurso.

El otro motivo de desestimación es también insostenible. La providencia judicial claramente ordenó al registrador inscribir a favor de El Pueblo de Puerto Rico, a nombre y para uso de la Autoridad de Tierras de Puerto Rico, el título de dominio absoluto sobre la referida propiedad, libre de gravámenes. Pero el registrador no dió cumplimiento a la providencia judicial en su totalidad. Ordenaba ésta que el dominio absoluto fuera inscrito libre de gravámenes, y de la nota recurrida aparece que ese mandato no fué cumplido. En tales circunstancias, es de perfecta aplicación el caso de *Alvarez* v. *El Registrador de San Germán,* 29 D.P.R. 769, invocado por el recurrente, en el cual se resolvió que procede el recurso gubernativo cuando el registrador rehusa dar al documento todo su valor legal, como evidentemente sucedió en el presente caso.

La circunstancia de que el registrador no exprese en su nota que denegó la inscripción de la cancelación de los gravámenes, cuando como cuestión de hecho la denegó, no priva al recurrente del derecho a que la actuación del registrador sea revisada mediante recurso gubernativo. De sostener la tesis del recurrido, el derecho a acudir al recurso gubernativo contra la actuación del registrador estaría a merced del propio registrador.

El caso de *Orta* v. *Registrador,* 60 D.P.R. 789, citado por el recurrido, no es aplicable. En el presente caso no se trató, como en aquél, de obtener del registrador, a virtud de hechos que le expusiera el recurrente, que haciendo uso de su discreción cuasi judicial practicara una operación o certificara sobre la libertad o estado de cargas o situación legal del título de

un inmueble. Por el contrario, se trata de una providencia judicial en la que sin apelar a discreción alguna por parte del registrador, se le ordena que inscriba *libre de cargas* el dominio absoluto de cierta finca a favor de determinada entidad. El deber del registrador no es hacer caso omiso de la parte de la providencia judicial que estima errónea, sino actuar en la forma que debe hacerlo de acuerdo con la ley, es decir, inscribiéndola con o sin defecto subsanable, según fuere el caso, o, si el defecto fuere insubsanable, denegándola y praticando la correspondiente anotación preventiva.

El hecho de que al tiempo de dictarse la resolución los acreedores con gravámenes sobre el inmueble no hubieren sido notificados de la demanda de expropiación forzosa, el que no hubieren prestado su conformidad para la cancelación, y el que no apareciere afirmativamente de la resolución que el importe de los gravámenes había sido reservado por la corte para oportunamente efectuar su pago, no la privaba de jurisdicción para dictar la resolución que dictó. La ley no exige, como condición precedente a la trasmisión del título absoluto de dominio libre de cargas, que los demandados sean previamente notificados de la demanda o presten su consentimiento allanándose a las pretensiones del demandante.

La sección 5(*a*), supra, expresamente prescribe:

"En cualquier procedimiento entablado o que se entable por y a nombre y bajo la autoridad de El Pueblo de Puerto Rico o Gobierno Insular, bien actúe en tales procedimientos El Pueblo de Puerto Rico o Gobierno Insular por propia iniciativa y para su propio uso o bien a requerimiento de cualquier agencia o instrumentalidad de El Pueblo de Puerto Rico . . . para la expropiación o adquisición de cualquier propiedad para uso público, el peticionario o demandante podrá radicar dentro de la misma causa, *al tiempo de radicar la demanda* o en cualquier momento antes de recaer sentencia, una declaración para la adquisición y entrega material de la propiedad objeto de expropiación . . .

"Tan pronto se radique tal declaración de adquisición y entrega y se haga el depósito en la corte, para beneficio y uso de la persona o personas naturales o jurídicas que tengan derecho al mismo, de la

cantidad estimada como compensación y especificada en la declaración, *el título absoluto de. dominio de; dicha propiedad, o cualquier derecho o interés menor en la misma* según quede especificado en la declaración, quedará investido en El Pueblo de Puerto Rico o Gobierno Insular, o en la agencia o instrumentalidad de El Pueblo de Puerto Rico que hubiere requerido la expropiación, . . . y tal propiedad deberá considerarse como expropiada y adquirida para el uso de El Pueblo de Puerto Rico o Gobierno Insular, o de la agencia o instrumentalidad gubernativa de El Pueblo de Puerto Rico que hubiere requerido la expropiación, . . . y el derecho a justa compensación por la misma quedará investido en la persona o personas a quienes corresponda; y dicha compensación deberá determinarse y adjudicarse en dicho procedimiento, *y decretarse por la sentencia que recaiga en el mismo* . . .

‘‘ ※ 　 ※ 　 ※ 　 ※ 　 ※ 　 ※ 　 ※

‘‘ . . . La corte tendrá facultad para dictar las órdenes que fueren justas y equitativas en relación con los gravámenes y otras cargas, que pesen sobre las propiedades, si algunos hubiere.

‘‘ ※ 　 ※ 　 ※ 　 ※ 　 ※ 　 ※ 　 ※

‘‘Disponiéndose, que ningún recurso de apelación en una causa de esta naturaleza, ni ninguna fianza o garantía que pudiere prestarse en la misma, podrá tener el efecto de evitar o demorar la adquisición o investidura del título de las propiedades por y en El Pueblo de Puerto Rico . . . y su entrega material al mismo.’’ (Bastardillas nuestras.)

Y la sección 5(*b*) de la misma ley prescribe:

‘‘En cualquier sentencia dictada en un procedimiento de expropiación forzosa para la adquisición de propiedad privada o de cualquier derecho sobre la misma para uso público . . . entablado por El Pueblo de Puerto Rico, o Gobierno Insular directamente, o a su nombre por cualquier agencia [o] autoridad . . . de El Pueblo de Puerto Rico, en que la cantidad determinada por la corte como justa compensación por la propiedad o los derechos en la misma objeto de tal procedimiento sea mayor que la cantidad fijada por el demandante o depositada en corte como justa compensación por tal propiedad o derechos en la misma, El Pueblo de Puerto Rico pagará el importe de la diferencia entre la suma así fijada por el demandante y depositada por él en la Corte y la cantidad que a tal efecto haya determinado la corte como justa compensación por la propiedad o derechos en la misma objeto de tal procedimiento, con intereses a ra-

zón de seis por ciento anual sobre tal diferencia a contar desde la fecha de la adquisición de tal propiedad o derechos y desde esta fecha hasta la del pago de dicha diferencia.

"Tan pronto la sentencia referida en el párrafo anterior sea final e inapelable, el Tesorero de Puerto Rico pagará al demandado en dicho procedimiento de expropiación el importe de la diferencia que se especifica en el párrafo anterior, con intereses sobre la misma, tal como allí se dispone; y el Tesorero de Puerto Rico procederá a pagar tal diferencia y los intereses sobre la misma, como se dispone en esta sección, con cargo a cualesquiera fondos existentes en la Tesorería Insular no destinados a otras atenciones.

"Para el pago total de la diferencia mencionada en los párrafos anteriores y los intereses sobre la misma, como aquí se dispone, se compromete irrevocablemente la buena fe de El Pueblo de Puerto Rico.

"Por la presente se asigna de cualesquiera fondos existentes en la Tesorería Insular no destinados a otras atenciones las cantidades necesarias para llevar a cabo las disposiciones de esta sección."

El efecto de la orden de adquisición y entrega es investir en el Gobierno tanto el título como la posesión material, y por consiguiente transfiere al fondo depositado todas las reclamaciones, lo mismo de propiedad que de gravámenes, por lo menos hasta el límite en que tales gravámenes puedan existir en favor de las personas demandadas en el procedimiento. Es obvio que el dueño de la propiedad, así como los que posean gravámenes sobre la misma, deben tener una oportunidad de ser oídos por la corte en relación con sus respectivas reclamaciones contra el fondo; pero esa oportunidad no tiene necesariamente que concederse antes de dictarse la orden de adquisición y entrega. Bastará con que sean oídos antes de dictarse la sentencia final.

Cuando, radicada una demanda de expropiación forzosa que aduzca hechos constitutivos de causa de acción, el Gobierno deposita en la secretaría de la corte la cantidad que a su juicio constituye la justa compensación, y mediante la orden de adquisición y entrega obtiene el dominio absoluto de la propiedad—sujeto, desde luego, a aumentar esa cantidad si la corte en definitiva resolviese que el valor de la pro-

piedad es mayor que la cantidad depositada—el Gobierno queda exonerado de toda responsabilidad con respecto al precio del inmueble y gravámenes que lo afectaban, incumbiendo a la corte el deber de hacer la debida distribución. Si el tribunal incurriera en error al entregar parte del fondo a alguno de los reclamantes, el remedio de la parte perjudicada está con el recurso de apelación, sin que tenga derecho a reclamación alguna contra el Gobierno. En otras palabras, los gravámenes se transfieren al fondo, el cual sustituye al inmueble en lo que respecta a las reclamaciones del anterior dueño y de los dueños de gravámenes. *United States* v. *Certain Parcels of Land*, 40 F. Supp. 436. La inscripción del dominio absoluto de la finca es hasta cierto punto una necesidad. El inscribir la finca expropiada sujeta a gravámenes podría frustrar el propósito de la expropiación, toda vez que los dueños de tales gravámenes podrían dirigirse contra la propiedad para hacerlos efectivos y de ese modo poner en peligro el título de la entidad a quien hubiere sido adjudicada la finca para fines de utilidad pública.

*Por lo expuesto, se modifica la nota recurrida, ordenándose al registrador que proceda a cancelar los gravámenes de los demandados.*