EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Mabel Reina Cubero<br><br>Peticionaria<br><br>v.<br><br>Hon. Gildren S. Caro Pérez,<br>Registradora de la Propiedad<br>Sección de Aguadilla<br><br>Recurrida | 2025 TSPR 140<br><br>216 DPR ___ |

Número del Caso:  RG-2025-0001


Fecha:  18 de diciembre de 2025


Representante legal de la parte peticionara:

    Lcdo. Juan J. Nolla Acosta


Registradora de la Propiedad:

    Hon. Gildren S. Caro Pérez



Materia:  Derecho Registral – Requisito de presentar un escrito de recalificación para poder recurrir mediante un recurso gubernativo ante el Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Mabel Reina Cubero<br><br>Peticionaria<br><br><br>v.<br><br><br>Hon. Gildren S. Caro Pérez,<br>Registradora de la Propiedad<br>Sección de Aguadilla<br><br>Recurrida | | RG-2025-0001 |

**El Juez Asociado señor Candelario López emitió la Opinión del Tribunal.**

En San Juan Puerto Rico, a 18 de diciembre de 2025.

En esta ocasión tenemos la oportunidad de aclarar la normativa procesal establecida por nuestro ordenamiento jurídico registral para efectos de presentar un recurso gubernativo ante esta Curia. En específico, estamos llamados a desestimar el recurso de epígrafe, puesto que justipreciamos que la peticionaria incumplió con los requisitos establecidos por la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, *infra*, al no presentar un escrito de recalificación conforme a derecho.

Por considerar que atender el recurso ante nos requiere que ignoremos la letra clara y libre de ambigüedades de la ley, al igual que establecería un precedente que perjudicaría injustificadamente la función calificadora de nuestros Registradores y Registradoras de la Propiedad, adelantamos que procede desestimar el *Recurso*

*Gubernativo* presentado. A continuación, exponemos los hechos que originaron el asunto ante nuestra consideración.

**I**

Los hechos de este recurso tienen su origen en una petición de expediente de dominio, instada por la Sra. Mabel Reina Cubero (señora Reina Cubero o peticionaria), el 11 de enero de 2024, ante el Tribunal de Primera Instancia (TPI), Sala Superior de Aguadilla.[1] Tras la celebración del juicio en su fondo, el 31 de mayo de 2024, el TPI emitió una *Resolución* mediante la cual declaró justificado el dominio de la peticionaria, y ordenó la calificación del referido dictamen con el propósito de que se inmatriculara la finca descrita.

El 18 de junio de 2024, la peticionaria presentó la *Resolución* sobre Expediente de Dominio ante el Registro de la Propiedad, a través del sistema KARIBE.[2] No obstante, el 17 de enero de 2025, **la Hon. Gildren Caro Pérez, Registradora de Aguadilla (Registradora), notificó que la siguiente falta impedía la inscripción del documento presentado: "Del documento no surge cómo se formó la finca. Art. 185 Ley 210".**

Ante la denegatoria de la Registradora, el 21 de enero de 2025, **la peticionaria presentó ante el TPI una *Moción Solicitando Enmienda a la Resolución*, con el propósito de**

---

[1] Caso Núm. AG2024CV00339.
[2] Asiento Núm. 2024-070018-AG01.

**que el foro primario enmendara la *Resolución* emitida para atemperarla a lo que dispone el Artículo 185 de la Ley Núm. 210-2015,** *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, 30 LPRA sec. 6001 et seq. (Ley del Registro de la Propiedad). No obstante, el 22 de enero de 2025, el TPI denegó la solicitud de enmienda, y expresó lo siguiente:

> No Ha Lugar
>
> Como se formó la finca, y la posesión de la misma son conceptos legales diferentes.
>
> El término de la posesión legítima es lo que requiere el artículo 185 de la ley hipotecaria, sin identificación del término específico, como en efecto sí requiere el Código Civil de 2020, en su artículo 788, pero para efectos de la Usucapión, la cual es una figura distinta al Expediente de Dominio el cual está regulado por el artículo 185 de la Ley Hipotecaria.

Acto seguido, el abogado de la peticionaria remitió un correo electrónico a la Registradora con **un escrito adjunto intitulado** *Solicitud de Recalificación y/o Reconsideración.* En este, explicó que, el 21 de enero de 2025, la deficiencia señalada fue llevada a la atención del foro primario mediante una moción solicitando enmienda a la *Resolución.* Sin embargo, expuso que el TPI denegó la solicitud de enmienda, y solicitó a la Registradora que dejara sin efecto la notificación de falta efectuada. En específico, la peticionaria indicó en este escrito que:

> El defecto señalado fue llevado a la atención del Tribunal mediante moción que sometiéramos solicitando enmienda a la resolución con fecha de 21 de enero de 2025 ya que **en la Solicitud de Expediente de Dominio que**

**se sometiera el Tribunal se hacía referencia a lo solicitado por el Registro en su notificación de falta; atendía también lo solicitado al Tribunal el proyecto de Resolución que preparamos para la firma del juez y también lo atendía la prueba los testigos que testificaron en la vista en su fondo.** Véase al efecto los siguientes documentos que se sometieron al Tribunal para solicitar la enmienda a la resolución; Moción solicitando Enmienda a la Resolución; copia de la <u>Solicitud</u> sometida al Tribunal y copia del proyecto de Resolución que sometiéramos al Tribunal. **En todos estos documentos se hace referencia a lo solicitado por el Registro de la Propiedad.** Sin embargo, el Tribunal no concedió lo pedido por el Registrador de la Propiedad a pesar de haberlo solicitado oportunamente. Y no lo concedió por los fundamentos que expresa el juez en su Resolución denegando la enmienda a la Resolución con fecha de 22 de enero de 2025 de la cual Resolución se acompaña copia.

(Énfasis suplido).

En respuesta, la Registradora envió un correo electrónico al representante legal de la peticionaria en el que citó el Artículo 185(1)(i) de la Ley del Registro de la Propiedad, *supra*, y reiteró que el documento contenía una falta que impedía suspender la notificación. En específico, indicó que "[r]evisado nuevamente el documento este requisito no surge del mismo. La notificación no fue realizada por el tiempo de posesión. En vista de lo anterior, no puedo suspender la notificación realizada".

Varios minutos después, el abogado de la señora Reina Cubero contestó a la comunicación de la Registradora, adjuntando una misiva relacionada a la notificación. En esta, planteó a la Registradora que, si bien la *Resolución* no incluye lo dispuesto en el Artículo 185 de la Ley del Registro de la Propiedad, *supra*, esto se debe a que el Juez

del TPI se niega a expresar su contenido en las resoluciones. **Adujo que este contenido fue expresado por la peticionaria en su solicitud y en el proyecto de resolución presentado el día de la vista, pero el adjudicador del foro primario no lo ha hecho constar en su dictamen.** Así las cosas, señaló lo siguiente: "**[n]o podemos obligar al Juez a que escriba la Resolución, como la presentamos.** Como la finca <u>no</u> se forma por agrupación ni por segregación lo que se puede expresar es que ha mantenido la misma configuración de la usucapión que es lo que hemos hecho en estos casos". No obstante, la Registradora contestó que "[l]amentablemente la minuta de inscripción expresamente requiere se designe en la misma cómo se formó la finca, conforme el inciso i".

A su vez, el 23 de enero de 2025, la peticionaria presentó ante el TPI una *Moción Solicitando Reconsideración a la Negatoria de Enmienda a la Resolución.* En ella **sostuvo que, conforme al inciso i del Artículo 185 de la Ley del Registro de la Propiedad,** *supra*, **la** *Resolución* **que emita el Tribunal debe expresar que la finca ha mantenido la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico.** Por consiguiente, **solicitó nuevamente que se enmendara la** *Resolución* previamente emitida a los fines de incluir lo esbozado. Además, la señora Reina Cubero **manifestó al foro primario que "[e]l Tribunal no puede**

**enmendar el contenido de ese Artículo (que es claro) comportándose como legislador"**.

Así las cosas, el 29 de enero de 2025, el TPI emitió una *Resolución*, en la cual señaló lo siguiente:

> El Tribunal tuvo ante su consideración la evaluación de la prueba presentada y determinó que la parte Peticionaria [h]a mantenido la posesión legítima de dicha propiedad, conforme requiere el artículo 185 de la Ley Hipotecaria, razón por la cual se emitió Resolución favorable a la parte Peticionaria, por cumplirse con **todos** los requisitos de dicho articulado, y Ordenando al Registrador la inscripción de dicho predio de terreno.
>
> A solicitud de Reconsideración, No Ha Lugar. Es al Tribunal a quien corresponde evaluar que la prueba presentada cumple con todos los requisitos del artículo 185 de la ley 210 de 2015, lo que [en] efecto realizamos de manera favorable a la parte Peticionaria, y no al Registrador de la Propiedad.

Posteriormente, el 1 de febrero de 2025, el abogado de la peticionaria envió otro correo electrónico a la Registradora en el que adjuntó una *Segunda Solicitud de Recalificación y/o Reconsideración*. En la misma, **explicó los esfuerzos realizados ante el TPI para enmendar la *Resolución*, y notificó la denegatoria del foro primario a esos efectos**. Asimismo, solicitó por segunda vez que se dejara sin efecto la notificación efectuada por la Registradora, puesto que el TPI resolvió que se había cumplido con todos los requisitos de ley. No obstante, el 3 de febrero de 2025, la Registradora contestó vía correo electrónico que "[e]l documento sigue notificado. Cuando

se enmiende la resolución y la misma se una al asiento se suspenderá la falta".

Inconforme, el 18 de febrero de 2025, la peticionaria presentó el *Recurso Gubernativo* ante nos. En el mismo señaló **por primera vez** el siguiente error:

> Comete gravísimo error de derecho la Honorable Registradora al intentar sustituir su interpretación de lo que debe incluir una Resolución en un caso de Expediente de Dominio en lugar de las determinaciones hechas por el Tribunal que evaluó la totalidad del expediente y la totalidad de la prueba. Nuestro ordenamiento jurídico expresamente prohíbe que los Registradores de la Propiedad quieran convertirse en los jueces de los casos cuyas sentencias o resoluciones se les requiere inscribir, lo que es contrario a la separación de poderes.

En síntesis, la señora Reina Cubero sostuvo que la controversia en este caso se circunscribe a si un Registrador puede exigirle a un Juez que escriba en una Resolución o Sentencia lo que ese Registrador quiere que diga la misma, cuando esta fue dictada conforme a derecho y el Tribunal tenía jurisdicción sobre las partes. De acuerdo con la peticionaria, lo esbozado por la Registradora como fundamento para negarse a inscribir el Expediente de Dominio es contrario a derecho, puesto que, en calidad de funcionaria del Poder Ejecutivo, está interviniendo sobre la manera en que el Poder Judicial evaluó la petición y la prueba presentada ante sí. Por lo tanto, nos solicitó que dejáramos sin efecto la anotación de defecto realizada por la Registradora, y ordenáramos la inscripción de la *Resolución* objeto de controversia.

Por su parte, el 21 de febrero de 2025, la Registradora presentó una *Moción de Desestimación*, mediante la cual arguyó que este Tribunal carece de jurisdicción para atender el recurso gubernativo presentado por la peticionaria, puesto que no se perfeccionó conforme los Artículos 241, 242 y 244 de la Ley del Registro de la Propiedad, *supra*, ni la Regla 241.4 del Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Reglamento Núm. 8814 aprobado el 31 de agosto de 2016, según enmendado (Reglamento Hipotecario). En específico, sostuvo que estamos privados de la jurisdicción para atender el caso porque: (1) la peticionaria no presentó un escrito de recalificación, conforme derecho, puesto que no impugnó la calificación de la Registradora de forma clara, detallada y concisa, ni fundamentó sus alegaciones en derecho; (2) como no se presentó un escrito de recalificación, tampoco existe una anotación de cuya denegatoria pueda recurrir la peticionaria mediante recurso gubernativo; y (3) la peticionaria no podía interponer el recurso gubernativo sin antes haber radicado oportunamente un escrito de recalificación.

Así las cosas, el 14 de abril de 2025, la Registradora presentó su alegato, en cumplimiento con lo ordenado por esta Curia. En su escrito, reiteró los planteamientos jurisdiccionales previamente esbozados en su solicitud de desestimación. A su vez, adujo que su calificación fue

realizada conforme el estado de derecho vigente, limitándose a verificar si la *Resolución* del TPI contenía todos los requisitos sustantivos requeridos para su inscripción. Finalmente, **sostuvo que el señalamiento de error realizado por la peticionaria en su recurso gubernativo fue levantado por primera vez en esta etapa, en contravención con el Art. 245 de la Ley del Registro de la Propiedad**, *supra*.

## II

Sabido es que esta Curia goza de la jurisdicción para atender recursos presentados contra la calificación final de un Registrador de la Propiedad que deniegue el asiento solicitado por una parte peticionaria. Art. 3.002(h) de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura de Puerto Rico de 2003* (Ley de la Judicatura), 4 LPRA sec. 24s; Regla 27 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

A saber, nuestra jurisdicción para atender el recurso gubernativo se activa con el fin de revisar la calificación de un registrador que suspenda o deniegue la inscripción o anotación de un documento presentado para su registración. *Matos, Sostre v. Registradora*, 213 DPR 348, 354 (2023); *FirstBank Puerto Rico v. Registradora de la Propiedad de Ponce*, 208 DPR 64, 76 (2021). Así, para asumir nuestra

jurisdicción gubernativa, es menester que la parte peticionaria cumpla con las disposiciones legales y reglamentarias que regulan el perfeccionamiento del recurso. *FirstBank Puerto Rico v. Registradora de la Propiedad de Ponce, supra*, en la pág. 76. Por lo tanto, ante un incumplimiento de esta índole, estamos privados de la jurisdicción para considerarlo. Íd. Esto así, puesto que hemos sido enfáticos que, como celosos guardianes de nuestra jurisdicción, carecemos de discreción para asumirla cuando no la poseemos. *JJJ Adventure v. Consejo de Titulares*, 2025 TSPR 123, 216 DPR ___ (2025); *Greene et als. v. Biase et als.*, 2025 TSPR 83, 215 DPR ___ (2025). Ante estas circunstancias, lo único que podemos hacer es declararlo y desestimar el caso en sus méritos. Íd.

Conforme la Ley de la Judicatura y nuestro Reglamento, tenemos la facultad para atender un recurso gubernativo presentado conforme los términos y los requisitos de la Ley Núm. 210-2015, *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, 30 LPRA sec. 6001 et seq.[3] De esta manera, la Ley del Registro de la Propiedad establece un esquema escalonado de recursos contra la calificación de un Registrador que contempla el escrito de recalificación como requisito jurisdiccional

---

[3] El Artículo 3.002(h) de la Ley de la Judicatura expresamente dispone que esta Curia conocerá "[m]ediante recurso gubernativo de una calificación final de un Registrador de la Propiedad, denegando el asiento solicitado por el peticionario de conformidad con el término y los requisitos en la Ley Núm. 198 de 8 de agosto de 1979 [Nota: Derogada y sustituida por la Ley 210-2015]."

para radicar un recurso gubernativo. En específico, el Art. 244 de la Ley del Registro de la Propiedad, *supra*, dispone que:

> El notario, funcionario autorizado o el interesado podrá recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento, mediante la presentación de un recurso gubernativo. No obstante, **no podrá interponer el recurso quien no haya radicado oportunamente el escrito de recalificación.**

30 LPRA sec. 6404. (Énfasis suplido).

Por consiguiente, quién presente un recurso gubernativo ante nos, tiene que primero agotar los remedios establecidos por ley y presentar un escrito de recalificación, conforme establece el Art. 241 de la Ley del Registro de la Propiedad, *supra*. El referido estatuto dispone que, si la parte peticionaria está inconforme con la calificación del Registrador, podrá "**[p]resentar un escrito de recalificación exponiendo sus objeciones a la calificación, los fundamentos legales y una solicitud específica de lo que interesa**", dentro del término improrrogable de veinte (20) días siguientes a la fecha de la notificación. 30 LPRA sec. 6401.

Además, la Regla 241.4 del Reglamento Hipotecario, *supra*, regula el contenido del escrito de recalificación, y dispone que:

> El escrito deberá titularse "Escrito de Recalificación" de modo que surja claramente la intención del interesado. El escrito estará identificado con los datos de presentación del documento cuya recalificación se solicita y

> **contendrá en forma clara, detallada y concisa todas las objeciones a la calificación.**
>
> **Cada una de las alegaciones deberá estar fundamentada en derecho. Las citas legales deberán ser precisas y correctas y estar acompañadas de un índice legal.**
>
> El Registro mantendrá un archivo electrónico de los escritos de recalificación presentados los cuales serán identificados con el mismo número de asiento del documento al cual correspondan.
>
> (Énfasis suplido).

En caso de que el Registrador mantenga su calificación original y haga constar su denegatoria y los fundamentos legales que la sustentan, el Art. 242 de la Ley del Registro de la Propiedad, *supra*, provee un término de sesenta (60) días a partir de la fecha de la denegatoria para corregir los defectos notificados. 30 LPRA sec. 6402. Además, el referido estatuto establece que el Registrador extenderá una anotación en la finca afectada, haciendo constar el hecho de la denegatoria y sus fundamentos legales. Íd. No obstante, anteriormente hemos asumido jurisdicción en un recurso gubernativo sin que exista tal anotación. Véase, *Housing Inv. Corp. v. Registrador*, 110 DPR 490 (1980).

Por su parte, de estar inconforme con la denegatoria, la parte peticionaria podrá radicar un recurso gubernativo ante esta Curia, **dentro del término improrrogable de veinte (20) días a partir de la notificación de su notificación.** 30 LPRA sec. 6405. En cuanto a su contenido, el Art. 245 de la Ley del Registro de la Propiedad, *supra*, expresamente dispone que este recurso "[n]o podrá incluir objeciones a

la calificación del documento que no hubiese incluido al radicar el escrito de recalificación".

## III

En el recurso ante nuestra consideración, como cuestión de umbral, debemos atender los planteamientos jurisdiccionales esbozados por la Registradora en su *Moción de Desestimación* y alegato. A saber, esta sostiene que estamos privados de la jurisdicción para atender el recurso gubernativo de epígrafe, debido a que, entre otras cosas: (1) la peticionaria no presentó un escrito de recalificación conforme establece el Art. 241 de la Ley del Registro de Propiedad, *supra*, y la Regla 241.4 del Reglamento Hipotecario, *supra*, puesto que no impugnó la calificación de la Registradora de forma clara, detallada y concisa, ni fundamentó sus alegaciones en derecho; y (2) según el Art. 244 de la misma ley, la peticionaria no podía interponer el recurso gubernativo sin antes haber radicado oportunamente un escrito de recalificación.

En primer lugar, comenzamos por reafirmar que, conforme establece el Art. 244 de la Ley del Registro de la Propiedad, *supra*, **la presentación oportuna de un escrito de recalificación es un requisito jurisdiccional para recurrir ante este Tribunal, mediante recurso gubernativo, contra la calificación final de un documento.** En lo pertinente al contenido del escrito de recalificación, nuestro ordenamiento jurídico registral es categórico en

cuanto a que este tiene que estar fundamentado en derecho. En específico, la Regla 241.4 del Reglamento Hipotecario, *supra*, requiere que este contenga todas las objeciones a la calificación en forma clara, detallada y concisa, fundamentando en derecho cada una de las alegaciones. La importancia de este requisito se hace aún más evidente cuando esta regla exige que las disposiciones legales citadas sean precisas y correctas, y que estén acompañadas de un índice legal. De igual manera, el Art. 241 de la Ley del Registro de la Propiedad, *supra*, reitera que, para impugnar la calificación de un Registrador, se tienen que exponer las objeciones a esta, los fundamentos legales que la sustentan y una solicitud específica de lo que interesa en el escrito de recalificación. 30 LPRA sec. 6401.

Al evaluar los escritos intitulados como solicitudes de recalificación presentados por la peticionaria, resulta evidente que esta no cumplió con los requisitos de contenido establecidos por el Art. 241 de la Ley del Registro de la Propiedad, *supra*, y la Regla 241.4 del Reglamento Hipotecario, *supra*. Esto así pues, no expuso sus objeciones a la calificación realizada por la Registradora de forma clara, detallada y concisa, fundamentándolas en derecho de manera correcta y precisa. Con tan solo observar los escritos de "recalificación" presentados por la peticionaria, es indiscutible que esta no citó ninguna fuente legal que fundamentara su reparo

ante la calificación de la Registradora, ni mucho menos incluyó un índice legal.

Además, tras realizar un análisis sosegado y cuidadoso del expediente, es notorio que **la peticionaria expresó su conformidad con la calificación de la Registradora durante todo el proceso ordinario**, previo a acudir ante nos. Por ejemplo, en el documento intitulado *Solicitud de Recalificación y/o Reconsideración*, la señora Reina Cubero indicó haber solicitado al TPI que enmendara su *Resolución*, y expresó que, tanto en la Solicitud de Expediente de Dominio como en el proyecto de Resolución preparado para la firma del juez del TPI, había hecho referencia al defecto señalado por la Registradora. A su vez, en su *Segunda Solicitud de Recalificación y/o Reconsideración*, la peticionaria indicó haberle manifestado al TPI que la *Resolución* debía contener el contenido señalado por la Registradora, y que, al no enmendarla, el adjudicador del foro primario se estaba comportando "como legislador". En otras palabras, **la señora Reina Cubero en ningún momento impugnó la calificación de la Registradora en sus escritos, sino que le informó sobre los dictámenes del TPI**, y por consiguiente, solicitó que se dejara sin efecto la notificación de falta.

Por tanto, siendo los escritos de "recalificación" presentados por la peticionaria meras súplicas huérfanas de discusión, es menester que desestimemos el recurso

gubernativo ante nuestra consideración. Es decir, como no hubo un escrito de recalificación radicado oportunamente y conforme a derecho, la peticionaria no podía interponer su recurso gubernativo, al amparo del Art. 244 de la Ley del Registro de la Propiedad, *supra*. Por ser el escrito de recalificación un requisito jurisdiccional para la presentación de un recurso gubernativo sería absurdo que interpretáramos sus exigencias de contenido como meras formalidades.

Así las cosas, aun si asumiéramos una interpretación liberal de las disposiciones estatutarias en cuestión, tendríamos que desestimar el recurso por tardío. Sabido es que la Ley del Registro de la Propiedad, *supra*, no contempla reconsideraciones a la denegatoria de una recalificación, ni mucho menos un segundo escrito de recalificación. Por lo tanto, partiendo de la premisa de que la señora Reina Cubero presentó un escrito de recalificación el 22 de enero de 2025, cuando por primera vez objetó la falta notificada, y que ese mismo día la Registradora señaló que no procedía suspender la notificación, el término para presentar el recurso gubernativo comenzó a transcurrir en esta fecha. A saber, en este escenario, el término que ostentaba la peticionaria para recurrir de la denegatoria de recalificar vencía el 11 de febrero de 2025, y el recurso gubernativo fue presentado una semana después, vencido el término de veinte (20) días improrrogables que establece el Art. 245 de la Ley del Registro de la Propiedad, *supra*.

En vista de lo anterior, procede la desestimación del recurso gubernativo ante nuestra consideración. Justipreciamos que la señora Reina Cubero se topó ante una situación en donde no impugnó correctamente la calificación de la Registradora porque, francamente, coincidía con esta. Sin embargo, al darse cuenta de que el TPI no iba a enmendar la *Resolución* emitida, optó por acudir ante nos por la vía gubernativa, en vez del Tribunal de Apelaciones por la vía apelativa. Lamentablemente, su decisión fue desacertada.

Asimismo, cabe recalcar que la decisión que hoy tomamos en nada incide con el acceso que tiene la señora Reina Cubero a un remedio a su favor. Como hemos reiterado en otras ocasiones, **el principio de acceso a la justicia constituye un pilar esencial de la política pública puertorriqueña y su sistema judicial, siempre y cuando esté revestido de ley y orden.** En el caso ante nos, la puerta para iniciar un nuevo proceso de expediente de dominio, y de ser necesario, acudir al foro apelativo intermedio, sigue abierta.

**IV**

Por los fundamentos antes expuestos, se desestima el recurso gubernativo presentado por la peticionaria. A tenor con lo esbozado, reiteramos que la presentación oportuna de un escrito de recalificación es un requisito jurisdiccional para recurrir ante este Tribunal, mediante recurso gubernativo. Por consiguiente, todo escrito de

recalificación deberá cumplir con las exigencias de contenido establecidas por el Art. 241 de la Ley del Registro de la Propiedad, *supra*, y la Regla 241.4 del Reglamento Hipotecario, *supra*.

Se dictará Sentencia de conformidad.


Raúl A. Candelario López
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Mabel Reina Cubero<br><br>Peticionaria<br><br>v.<br><br>Hon. Gildren S. Caro Pérez,<br>Registradora de la Propiedad<br>Sección de Aguadilla<br><br>Recurrida | | RG-2025-0001 |

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

Por los fundamentos expuestos en la Opinión que antecede, los cuales se hacen formar parte de esta Sentencia, se desestima el recurso gubernativo presentado por la peticionaria.

A tenor con lo esbozado, reiteramos que la presentación oportuna de un escrito de recalificación es un requisito jurisdiccional para recurrir ante este Tribunal, mediante recurso gubernativo. Por consiguiente, todo escrito de recalificación deberá cumplir con las exigencias de contenido establecidas por el Art. 241 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, 30 LPRA sec. 6001 et seq., y la Regla 241.4 del *Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emite una Opinión Disidente, a la cual se le une la Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Mabel Reina Cubero<br><br>Peticionaria<br><br>v.<br><br>Hon. Gildren Caro Pérez,<br>Registradora de Aguadilla<br><br>Recurrida | RG-2025-0001 |  |

Opinión disidente emitida por el Juez Asociado Señor ESTRELLA MARTÍNEZ, al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 18 de diciembre de 2025.

La indebida restricción de la jurisdicción gubernativa de este Tribunal, además de recortar su utilidad, va contra la naturaleza jurídica de este tipo de recurso, y contra la norma general de usar la competencia de los organismos de decisión para resolver, y no para posponer decisiones.

Nuestra jurisdicción gubernativa se activa por recurso contra denegatoria o suspensión de la inscripción, y aunque no había que decirlo, por obvio, contra la negativa del Registrador a calificar, y así lo tiene declarado este Tribunal en *Jiménez v. Registrador*, [62 DPR 547 (1943)]. El recurso gubernativo es una simple incidencia de la calificación y tiene el carácter propio de los actos de jurisdicción voluntaria. No hay que confundir su esencial naturaleza con la acción judicial contenciosa ni la alzada

administrativa. *Housing Inv. Corp. v. Registrador*, 110 DPR 490, 502 (1980).

Hoy teníamos la oportunidad de considerar un *Recurso gubernativo* con altas probabilidades de prevalecer en los méritos. Sin embargo, una mayoría de este Tribunal opta por desestimarlo por falta de jurisdicción. Por considerar que poseemos jurisdicción para adjudicarlo, respetuosamente disiento del curso de acción adoptado. Veamos.

En este caso, la Sra. Mabel Reina Cubero (señora Reina Cubero o peticionaria) pretendía la inscripción de una *Resolución* emitida por el Tribunal de Primera Instancia (TPI) el 31 de mayo de 2024 en la que se declaró justificado su dominio sobre cierta finca y se le ordenó a la Registradora de la Propiedad de Aguadilla calificar el dictamen para que se inmatriculara la finca.[1] En una primera ocasión, la Hon. Gildren Caro Pérez, Registradora de Aguadilla (Registradora o parte recurrida), notificó como falta que "[d]el documento no surge cómo se formó la finca. Art. 185 Ley 210".[2]

Por esa razón, el 22 de enero de 2025, la peticionaria le envió a la Registradora varios documentos, entre los cuales incluyó uno titulado *Solicitud de recalificación y/o*

---

[1] Véase Entrada Núm. 27 del expediente digital del caso AG2024CV00339 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] Apéndice de la *Moción de desestimación,* Anejo 2.

*reconsideración*.[3] En este, explicó que el 21 de enero de 2025 le solicitó al TPI que enmendara su *Resolución* del 31 de mayo de 2024 para que reflejara expresamente cómo se formó la finca, tal y como requirió la parte recurrida. Sin embargo, según acreditó, el foro primario rechazó la petición de enmienda.[4] Consiguientemente, la peticionaria solicitó a la Registradora que dejara sin efecto la notificación de falta. En concreto, plasmó lo siguiente:

> El defecto señalado fue llevado a la atención del Tribunal mediante moción que sometiéramos solicitando enmienda a la resolución con fecha de 21 de enero de 2025 ya que en la Solicitud de Expediente de Dominio que se sometiera al Tribunal se hacía referencia a lo solicitado por el Registro en su notificación de falta; atendía también lo solicitado al Tribunal el proyecto de Resolución que preparáramos para la firma del juez y también lo atendía la prueba de los testigos que testificaron en la vista en su fondo. Véase al efecto los siguientes documentos que se sometieron al Tribunal para solicitar la enmienda a la resolución; Moción solicitando Enmienda a la Resolución; copia de la Solicitud sometida al Tribunal y copia del proyecto de Resolución que sometiéramos al Tribunal. En todos estos documentos se hace referencia a lo solicitado por el Registro de la Propiedad. Sin embargo, el Tribunal no concedió lo pedido por el Registrador de la Propiedad a pesar de haberlo solicitado oportunamente. Y no lo concedió por los fundamentos que expresa el juez en su Resolución denegando la enmienda a la Resolución con fecha de 22 de enero de 2025 de la cual Resolución se acompaña copia.[5]

---

[3] Íd., Anejo 4.

[4] Véase Entrada Núm. 30 del expediente digital del caso AG2024CV00339 en el SUMAC.

[5] Apéndice de la *Moción de desestimación,* Anejo 4.

Acto seguido, la Registradora respondió mediante un correo electrónico en el que citó el inciso (i) del Art. 185 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210-2015, según enmendada, 30 LPRA sec. 6291 (Ley Núm. 210-2015), y reiteró que el documento presentado contenía una falta que impedía suspender la notificación.[6] En específico, la comunicación consignó: "[r]evisado nuevamente el documento este requisito no surge del mismo. La notificación no fue realizada por el tiempo de posesión. En vista de lo anterior, no puedo suspender la notificación realizada".[7]

Momentos después, la peticionaria cursó otro correo al que adjuntó una misiva en la que expuso nuevamente la futilidad de la gestión realizada para que el TPI enmendara su *Resolución* de la forma en que la Registradora solicitó.[8] A esa comunicación, la Registradora contestó que la minuta de inscripción requería expresamente que se designara cómo se formó la finca.[9]

El 1 de febrero de 2025, la señora Reina Cubero envió un tercer escrito a la Registradora.[10] En esta ocasión, sometió una *Segunda solicitud de recalificación y/o*

---

[6] Íd., Anejo 10, págs. 1-2.

[7] Íd., pág. 2.

[8] Íd., Anejo 11.

[9] Íd., Anejo 10.

[10] Íd., Anejo 12, pág. 1.

*reconsideración* en la que puntualizó que el 23 de enero de 2025 presentó su solicitud al TPI para que reconsiderara enmendar la *Resolución* del 31 de mayo de 2024. Al respecto, resumió los argumentos que presentó en apoyo de su posición. Según acreditó, el 29 de enero de 2025, el foro primario emitió una *Resolución* en la que nuevamente rechazó su petición y consignó lo siguiente:

> El Tribunal tuvo ante su consideración la evaluación de la prueba presentada y **determinó que la parte Peticionaria [h]a mantenido la posesión legítima de dicha propiedad, conforme requiere el artículo 185 de la Ley Hipotecaria, razón por la cual se emitió Resolución favorable a la parte Peticionaria, por cumplirse con todos los requisitos de dicho articulado, y ordenando al Registrador la inscripción de dicho predio de terreno.**
>
> A [la] solicitud de Reconsideración, No Ha Lugar. Es al Tribunal a quien corresponde evaluar que la prueba presentada cumple con todos los requisitos del artículo 185 de la ley 210 de 2015, lo que [en] efecto realizamos de manera favorable a la parte Peticionaria, y no al Registrador de la Propiedad. (Ennegrecido nuestro).[11]

En vista de todo ello, la peticionaria le solicitó a la Registradora que dejara sin efecto la notificación, toda vez que el TPI había resuelto que se cumplieron con todos los requisitos del Art. 185 de la Ley Núm. 210-2015, *supra*.

El 3 de febrero de 2025, la Registradora reafirmó su denegatoria al comunicar mediante correo electrónico que "[e]l documento sigue notificado. Cuando se enmiende la

---

[11] Véase Entrada Núm. 32 del expediente digital del caso AG2024CV00339 en el SUMAC.

resolución y la misma se una al asiento[,] se suspenderá la falta".[12]

En desacuerdo, la señora Reina Cubero presentó el *Recurso gubernativo* de epígrafe en el que señaló, en esencia, que la Registradora erró al intentar sustituir su interpretación de lo que debía incluir una resolución en un caso de expediente de dominio sobre las determinaciones hechas por el Tribunal que evaluó la totalidad del expediente y la prueba.

En respuesta, la Registradora solicitó la desestimación del recurso por falta de jurisdicción. Según su criterio, la peticionaria no presentó un escrito de recalificación en el que objetara la calificación, en contravención del Art. 241 de la Ley Núm. 210-2015, 30 LPRA sec. 6401. Por ello, sostuvo que la peticionaria estaba impedida de presentar el recurso gubernativo, conforme al Art. 244 de la Ley Núm. 210-2015, 30 LPRA sec. 6404. También, arguyó que tampoco existía una anotación de denegatoria de la cual pudiese recurrirse al Tribunal Supremo, toda vez que no extendió la anotación al interpretar que la peticionaria no radicó un escrito de recalificación conforme a derecho. Además, en su alegato, la parte recurrida reiteró su planteamiento jurisdiccional y, en los méritos, defendió la calificación realizada.

---

[12] Apéndice de la *Moción de desestimación*, Anejo 12, pág. 1.

Según su posición, la calificación se limitó a verificar si el documento judicial contenía los requisitos sustantivos requeridos para su inscripción.

Ahora bien, sostengo que de un análisis sosegado y cuidadoso del expediente surge diáfanamente que poseemos jurisdicción para atender el *Recurso gubernativo*. Primero, la señora Reina Cubero manifestó en sus comunicaciones a la Registradora una singular objeción, reiterada en el señalamiento de error en el recurso gubernativo ante nos: procedía que se dejara sin efecto la notificación, toda vez que el TPI expresó que se cumplió con el Art. 185(i) de la Ley Núm. 210-2015, *supra*. Esta era la controversia de estricto derecho que nos correspondía dirimir.

De igual forma, resulta desacertado interpretar que las respuestas de la peticionaria a comunicaciones de la Registradora – en las que explicó sus gestiones infructuosas para lograr lo requerido por esta para inscribir – constituyeron una expresión de conformidad con la calificación.

Segundo, las respuestas de la Registradora a los escritos de la peticionaria constituyeron una negación de esta a recalificar, lo cual de por sí solo hace disponible el recurso gubernativo. Visto así, contrario a lo que planteó la Registradora, el que no haya anotado la denegatoria al mantener la calificación original <u>no</u> nos priva de jurisdicción, como erróneamente avala la mayoría

de este Tribunal. Su reiterada negativa constituyó razón suficiente para permitir la presentación del recurso gubernativo. Este Tribunal posee una larga tradición de reconocer que el recurso gubernativo es el remedio disponible cuando un Registrador de la Propiedad *abdica manifiestamente* de su razón de ser: calificar documentos. *Matos, Sostre v. Registradora,* 213 DPR 348, 357 (2023); *CRIM v. Registradora,* 193 DPR 943, 951 (2015); *Housing Inv. Corp. v. Registrador*, *supra*, pág. 500; *Castro Lund v. Registrador*, 102 DPR 295, 301-303 (1974); *Rivera v. Registrador*, 74 DPR 127, 132 (1952); *Autoridad de Fuentes Fluviales v. Registrador*, 71 DPR 847, 849 (1950); *Blanco v. Registrador*, 71 DPR 570, 573 (1950); *Pueblo v. Registrador*, 64 DPR 130, 134 (1944); *Jiménez v. Registrador*, 62 DPR 547, 548 (1943). Esto, pues la negativa del Registrador a calificar le cierra las puertas del Registro de la Propiedad a la parte que interesa la inscripción, tal y como ocurre con la denegatoria y la suspensión. *Housing Inv. Corp. v. Registrador*, *supra*. Lejos de desestimar basándonos en rigorismos interpretativos, en este caso **debimos abrir las puertas del Tribunal a la ciudadana en esta primera, última y única instancia para revisar la actuación u omisión de un Registrador.**

Esta visión, cabe destacar, es respaldada por la política pública que instituye la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-

2003, según enmendada, 4 LPRA sec. 24 *et seq.*, (*Ley de la Judicatura*) al reconocer nuestra responsabilidad de garantizarle a la ciudadanía acceso inmediato y económico a un sistema de justicia que sea sensible a la realidad de sus distintos miembros. Exposición de Motivos de la Ley Núm. 201-2003. Como corolario de ello, nos corresponde adoptar una actitud de apertura que promueva atender los recursos en los méritos y reduzca al mínimo las desestimaciones por rigores inflexibles de forma y contenido. Véase *Santana Báez v. Adm. Corrección*, 190 DPR 983 (2014) (Sentencia) (Opinión de conformidad del Juez Asociado señor Estrella Martínez). Máxime cuando los recursos gubernativos enfrentan la particular situación antes descrita de que el Tribunal Supremo es la única instancia judicial de revisión.

Adviértase, además, que en el importante precedente de *Housing Inv. Corp. v. Registrador*, *supra*, realizamos una interpretación armoniosa de todas las disposiciones legales, tanto sustantivas como procesales, que rigen en nuestro ordenamiento jurídico al momento de evaluar un recurso gubernativo. En esa ocasión, en lugar de emplear un restrictivo análisis formalista, estudiamos los requisitos procesales del recurso gubernativo a la luz de otras importantes consideraciones de política pública, tales como evitar menoscabar la utilidad de la revisión, remover trabas que inmovilizan el sistema procesal y

fomentar el uso de nuestra competencia para resolver y no posponer decisiones. *Housing Inv. Corp. v. Registrador*, *supra*, págs. 501-502. Estas consideraciones van de la mano con la antes descrita encomienda que nos encarga la *Ley de la Judicatura* de promover que los casos se vean en los méritos y que se reduzcan las desestimaciones por rigores de forma y contenido.

Tercero, en vista de la naturaleza no contenciosa del recurso gubernativo, soy del criterio de que no debemos dar paso a la indebida restricción y renuncia de nuestra jurisdicción gubernativa. Véase *Housing Inv. Corp. v. Registrador*, *supra*. Por el contrario, debemos examinar los requisitos de contenido de los Arts. 241 y 245 de la Ley Núm. 210-2015, *supra*, de manera amplia y que se reconozca que el Tribunal Supremo es la única instancia para revisar las determinaciones o inacciones de los Registradores de la Propiedad. Por esa razón, no considero apropiado adoptar el argumento circular promovido por la Registradora como fundamento para descartar el presente *Recurso gubernativo*. En ese sentido, no corresponde validar el planteamiento de que, como los escritos de la peticionaria alegadamente no cumplieron con los requisitos de contenido del Art. 241 de la Ley Núm. 210-2015, *supra*, la Registradora no extendió la anotación de denegatoria y, por lo tanto, no había anotación de la cual recurrir, de acuerdo con el Art. 242 de la Ley Núm. 210-2015, 30 LPRA sec. 6402.

Esta última premisa es errónea. Primero, porque es reiterado precedente en nuestro Derecho Hipotecario que se puede recurrir de la negativa o la omisión de un Registrador, sin que necesariamente haya una anotación formal por parte de este. Segundo, porque los escritos de la parte peticionaria ante la Registradora contienen una argumentación coherente y un señalamiento que consecuentemente reproduce ante nos, el único foro revisor para presentar un Recurso Gubernativo. Tercero, porque no debemos desalentar que la ciudadanía y los Registradores puedan abrir vías de comunicación para intentar resolver desavenencias sin incurrir en el ámbito litigioso. Cuarto, porque, si bien la argumentación de la peticionaria es directa al grano, la controversia del recurso gubernativo está delimitada de forma clara y solamente resta aplicar el derecho para resolver si el requerimiento de la Registradora en el cual descansa su negativa es válido o no.

En resumen, esta conveniente alegación premia la reiterada negativa de la Registradora a recalificar el documento en cuestión. De igual manera, lamentablemente se valida el contrasentido de que un Registrador de la Propiedad tome por no puesto el escrito de recalificación sin comunicarlo a la parte que lo presentó y mantenga correspondencia con esta sosteniendo la negativa de recalificar y, a la vez, se le prive de su derecho de

revisión ante este foro. Esta es una interpretación impermisible y nociva al fundamental principio de acceso a la justicia.

Por estas razones, respetuosamente **<u>disiento</u>** del curso de acción adoptado en esta ocasión.


                                        Luis F. Estrella Martínez
                                             Juez Asociado